**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| SAMANTHA BOYD, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H & R ACCOUNTS, INC., and MEDUIT GROUP, LLC,<br><br>Defendants. | **Civil Action No.:**<br><br>**COMPLAINT – CLASS ACTION & JURY DEMAND** |

## Nature of Action

1. This is a consumer class action for damages and other relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The FDCPA prohibits debt collectors from engaging in abusive, unfair, and unconscionable practices in the collection of consumer debt.

2. Despite these statutory guardrails, Defendants sent Plaintiff and members of the proposed class debt collection notices that publicly revealed that Plaintiff and the proposed class members were obligated, or allegedly obligated, to pay a past due debt owed, or asserted as due and owing to Defendants' client, in violation of the FDCPA. 15 U.S.C. § 1692c(b); 15 U.S.C. § 1692f(8).

## Jurisdiction and Venue

3. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1331.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred here, and Defendants transact business in this district.

**Parties**

5. Samantha Boyd ("Plaintiff") is a natural person who at all relevant times resided in Genesee County, Michigan.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, to a creditor other than Defendants.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant H & R Accounts, Inc. ("H&R"), is an Illinois corporation with a principal place of business at 5320 22nd Avenue, Moline, IL 61265. The registered agent for H & R is CSC-Lawyers Incorporating Service, 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911.

9. H & R is in the business of collecting defaulted and charged-off consumer medical debts. H & R uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts. H & R regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. H & R is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Meduit Group, LLC ("Meduit") is a Delaware limited liability company headquartered in Charlotte, NC. The registered agent for Meduit is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

11. Meduit is in the business of collecting defaulted and charged-off consumer medical debts. Meduit uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts. Meduit regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Meduit is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Meduit is the parent company of H & R.

13. Meduit publicly refers to H & R as the "Meduit Moline" office, which does business at 5320 22nd Avenue, Moline, IL 61265.[1]

14. Based on information and belief, Meduit regularly: (a) contracts with hospitals, health systems, and large physician groups to provide revenue cycle management services, including debt collection; (b) raises funds from investors to purchase third-party collection agencies, such as H & R, which collect past-due medical debts; (c) develops and manages the collection strategies used by H & R (and Meduit's other subsidiaries) to recover such debts; and (c) participates in and materially benefits from the debt collection activities involved in this case.

---

[1] https://www.meduitrcm.com/about/locations/ (last accessed September 3, 2025).

## Factual Allegations

15. On or about July 28, 2025, H & R mailed a collection notice to Plaintiff demanding payment of a debt (the "Letter").

16. The obligation, or alleged obligation, owed or due, or asserted to be owed or due from Plaintiff, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, a medical debt (the "Debt").

17. Based on information and belief, the Debt was in default at the time it was placed with Defendants for collection.

18. The Letter was a "communication" as defined by the FDCPA at 15 U.S.C. § 1692a(2).

19. The Letter was sent in a window envelope, which made parts of the letter visible to anyone handling the envelope.

20. The following statement was plainly visible through the lower window of the envelope: "H & R Accounts, Inc., is a debt collector. We are trying to collect a …". A true and correct copy of the envelope is attached as Exhibit A.

21. The statement identifying H & R as a "debt collector" always remains visible to anyone handling the envelope, regardless of whether the letter shifts inside the envelope.

22. The visibility of this statement through the envelope window violated

Plaintiff's privacy, making it obvious to anyone handling the envelope that Plaintiff was receiving a debt collection notice, which caused Plaintiff embarrassment, worry, anger, and other forms of emotional distress.

23. Based on information and belief, the letter has markings typical of those produced by a third-party letter vendor, including numbers and barcodes, which are used to identify the pre-determined letter template that is printed and mailed to the consumer recipient by the letter vendor.

24. Section 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

25. Section 1692c(b) of the FDCPA also prohibits the type of third-party debt disclosure that occurred here:

> "A debt collector may not communicate, in connection with collecting any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the creditor's attorney, or the debt collector's attorney."

26. The Letter sent to Plaintiff and, upon information and belief, to each of the proposed class members, discloses that H & R is a debt collector attempting to collect a debt from the recipient, in violation of 15 U.S.C. §§ 1692f(8) and

1692c(b). *Donovan v First Credit, Inc*., 983 F.3d 246 (6th Cir. 2020); *Preston v Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020).

**Class Action Allegations**

27. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

(a) All persons with addresses in the United States;
(b) who were sent one or more letters from H & R;
(c) in connection with the collection of a consumer debt;
(d) which identified H & R as a debt collector through the window of the envelope;
(e) in the one year preceding the date of this complaint.

28. Excluded from the class are Defendants, their employees, officers, directors, managers, members, directors, and agents, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had controlling interests.

29. Based on information and belief, the proposed class is so numerous that joinder of all members is impracticable. The lawsuit stems from mass-produced collection letters that were printed and mailed to recipients throughout the United States.

30. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

31. The class is ascertainable because it is based on objective criteria.

32. In addition, upon information and belief, the names and addresses of

all members of the proposed class can be identified in business records maintained by Defendants.

33. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, as Defendants have acted on grounds generally applicable to the class.

34. Among the issues of law and fact common to the class are:

a. whether Defendants engaged in unfair and unconscionable collection practices in connection with the collection of a debt in violation of § 1692f;

b. whether Defendants used language or symbols, other than the debt collector's address, on envelopes used in connection with the collection of a debt that revealed that Defendants were engaged in the debt collection business in violation of § 1692f(8);

c. whether Defendants made impermissible debt disclosures to third parties in connection with the collection of a debt in violation of § 1692c(b);

d. whether and what amount of statutory damages are recoverable by Plaintiff and the proposed class members;

e. whether and what amount of actual damages are recoverable by Plaintiff and the proposed class members; and

f. whether and what amount of attorneys' fees and costs are recoverable by Plaintiff and the proposed class members for attorneys' fees and costs.

35. Plaintiff's claims are also typical of the claims of the members of the

class. Plaintiff received a debt collection notice that publicized her status as a consumer who owes, or allegedly owes, a debt to Defendants' client.

36. Plaintiff's claims and those of the members of the class originate from the same debt collection conduct by Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class. All claims are based on the same factual and legal theories, and there are no individualized issues that prevent certification.

37. Plaintiff will fairly and adequately protect the interests of the members of the class.

38. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

39. Plaintiff has also retained counsel, who is competent and experienced in consumer class action litigation.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The proposed class members are consumer debtors, who may be unable to locate or afford legal counsel. Even if that were not the case, the damages suffered by individual members of the class may be relatively small and, thus, the expense and burden of individual litigation make it impracticable and inefficient for members of the proposed class to individually redress the wrongs done to them. Finally, most class members are

probably unaware that their privacy rights, and consequently, the FDCPA, have even been violated.

41. There should be no unusual difficulty in the management of this action as a class action.

**COUNT I:**
**VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT**

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40.

43. Defendants mailed a collection notice to Plaintiff and members of the proposed class that publicly revealed that Plaintiff and the proposed class members were obligated, or allegedly obligated, to pay a debt owed, or asserted as due and owing to Defendants' client.

44. In doing so, Defendants engaged in unfair and unconscionable collection tactics to collect the debt(s) at issue, including using language or symbols on the envelope that revealed H & R was a debt collector, in violation of § 1692f(8).

45. Defendants also used abusive collection tactics to collect the debt(s) at issue, including disclosing the existence of such debt(s) to others without authorization, in violation of § 1692c(b).

46. As a result of Defendants' conduct, Plaintiff and members of the proposed class suffered damages.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;
B. Adjudging and declaring that Defendants violated 15 U.S.C. § 1692f(8) and 15 U.S.C. § 1692c(b);
C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;
D. Awarding Plaintiff and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k; and
E. Enjoining Defendants from future violations of 15 U.S.C. § 1692f(8) and 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: September 8, 2025

Respectfully Submitted,

*/s/ Charity A. Olson*

Charity A. Olson
OLSON LITIGATION, PLC
P.O. Box 708
Saline, MI 48176
(734) 255-6908
colson@olsonlawpc.com

*Counsel for Plaintiff and the proposed class*